# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Anthony Jerome Bacon** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR03372-001JB** |
| | USM Number: **59688-051** |
| | Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Possession with Intent to Distribute 28 Grams and More of Cocaine Base | 09/30/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 25, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 20, 2011**
Date Signed

Defendant: **Anthony Jerome Bacon**
Case Number: **1:10CR03372-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**Defendant Anthony Jerome Bacon, pursuant to a Plea Agreement, filed May 4, 2011 (Doc. 28), pled guilty to the Indictment, filed December 15, 2010 (Doc. 1), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), that being possession with intent to distribute 28 grams and more of cocaine base. The Plea Agreement stipulates to a sentence of 120-months imprisonment. See Plea Agreement ¶ 9, at 5. Pursuant to the Plea Agreement, Bacon is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement ¶ 9, at 5.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Bacon on June 29, 2011. In the PSR, the USPO calculated Bacon`s total offense level to be 31. The PSR included a 6-level upward adjustment, as required by the career offender provisions in U.S.S.G. § 4B1.1, because Bacon has at least two prior qualifying felony convictions. See PSR ¶ 25, at 6. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Bacon`s acceptance of responsibility. PSR ¶ 26, at 7. The PSR lists his criminal history category as VI, based on 18 criminal history points. See PSR ¶ 48, at 15. An offense level of 31 and a criminal history category VI results in a guideline imprisonment range of 188 to 235 months. On July 26, 2011, the USPO disclosed the Re-Disclosed Presentence Investigation Report to correct some information in the PSR and to address some of Bacon`s requests. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Bacon moves the Court for a 120-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 9, at 5. At the sentencing hearing on August 4, 2011, the parties agreed to the Court reducing Bacon`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 31 and a criminal history category VI produces a guideline sentence of 188 to 235 months. The Court notes that Bacon possessed with intent to distribute 159 grams of cocaine base.**

**The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Bacon`s offense. The Court agrees with the parties that a sentence of 120 months is sufficient to reflect the seriousness of this offense, given that Bacon has a significant criminal history. The United States has pointed to some weaknesses in its case if the case were to proceed to trial, including some issues related to discovery, problems with its key witnesses, and the potential success of a motion to suppress. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. Bacon has an extensive criminal history, and it would not be just for him not to be punished with some incarceration. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 120 months is appropriate to reflect Bacon`s criminal history and the seriousness of Bacon`s crime. Other conditions that the Court will require as part of supervised release will also provide Bacon with some needed education, training, and care to prevent these problems from reoccurring. Given Bacon`s age, fifty-one years old, and the length of the sentence, this sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Bacon will be roughly sixty-one years old when he completes his sentence, and his rate of recidivism will decrease as a result of his age upon release. Imposing an additional 6 and 1/2 to 9 and 1/2 years will not more fully reflect the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that Bacon`s significant criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Bacon to 120-months imprisonment. The Court places Bacon on supervised release for a term of four years.**

☒    The court makes the following recommendations to the Bureau of Prisons:

**Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Anthony Jerome Bacon**
Case Number: **1:10CR03372-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Anthony Jerome Bacon**
Case Number: **1:10CR03372-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, illegal substances and other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete a substance abuse treatment program, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, as approved by the probation officer, or prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

Defendant: **Anthony Jerome Bacon**
Case Number: **1:10CR03372-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒    In full immediately; or
B     ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.